Kory A. WELCH, Plaintiff,

v.

CENTEX HOME EQUITY CO., LLC, et al., Defendants.

No. 03–2132.

United States District Court, D. Kansas.

May 16, 2003.

1264

Charles E. Branson, Lawrence, KS, for Beth Romero.

William F. Logan, Foland & Eickens, P.C., Kansas City, MO, for Kerstin Siley.

Michael D. Hufft, Hufft & Maginn, LLC, Kansas City, MO, for Jay Jordan.

James E. Kiley, Jr., Kiley, Wiesner & Frackowiak, L.L.P., Overland Park, KS, for Kory A. Welch.

Leo L. Logan, Coates & Logan, LLC, Overland Park, KS, for Producers Mortgage Corp.

Eldon J. Shields, Gates, Biles, Shields & Ryan, P.A., Overland Park, KS, for Centex Home Equity Co., LLC.

William M. Modrcin, Stinson Morrison Hecker, LLP, Kansas City, MO, for Nations Title Agency, Inc.

Todd W. Ruskamp, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for Household Finance Corp., III.

Jeffrey R. Siegel, Shaffer, Lombardo & Shurin, Kansas City, MO, for Owen Gibson.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

This matter is before the court on defendant Owen Gibson's motion to dismiss (Doc. 9). Plaintiff's petition (filed in state court) includes eight causes of action against defendant Gibson including a fraud claim, a Kansas Consumer Protection Act claim, a conspiracy claim, a Real Estate Settlement Procedures Act claim, a declaratory judgment claim, a quiet title claim, a claim under K.S.A. § 53–119, and a defamation claim.

Defendant Gibson seeks dismissal of the fraud claim, the claim under the Real Estate Settlement Procedures Act, the declaratory judgment claim, and the claim to quiet title for failure to state a claim upon which relief can be granted. The motion also seeks to dismiss all of the claims against him because the petition allegedly does not establish that plaintiff has any damages. For the reasons set forth below, the motion is granted as to the fraud claim, the Real Estate Settlement Procedures Act claim, the declaratory judgment claim, and the quiet title claim but is denied as to the remaining claims.

## I. UNCONTROVERTED FACTS

■ The following allegations are set out in plaintiff's petition.[1] In June of 2001, plaintiff Kory A. Welch (formerly known

---

**1.** Of course, on a motion to dismiss pursuant to Rule 12(b)(6), the only facts considered by the court are those contained in the plaintiff's complaint (or petition if the case is removed from state court) or documents attached as exhibits to the complaint. *Oxendine v. Kap-* *lan,* 241 F.3d 1272, 1274 (10th Cir.2001) (stating that in deciding a Rule 12(b)(6) motion, "a court may look both to the complaint itself and to any documents attached as exhibits to the complaint").

as Kory A. Jordan) and her husband at the time, Jay Jordan, were in discussions with loan officers from Producers Mortgage to refinance their home in Shawnee Mission, Kansas. They wanted to take out two loans, a first and second trust. On or about June 14, 2001, Ms. Kerstin Siley and Mr. Eli Contreras, two of Producers Mortgage's loan officers, came to the Jordans' residence and had both Mr. Jordan and Ms. Welch (then Jordan) sign certain loan application papers and loan disclosure statements (including a Good Faith Estimate of Settlement Costs) required by law.

On June 25, 2001, Ms. Welch left Kansas City for a business trip to Bethesda, Maryland. That evening Ms. Siley and Mr. Contreras delivered loan documents, including both loans' mortgages and notes, to Mr. Jordan at his home. Ms. Siley asked Mr. Jordan to sign the loan documents immediately in order to close that month. After Mr. Jordan informed them that his wife was out of town, Ms. Siley allegedly told Mr. Jordan to sign the documents, sign his wife's name on the documents, and she would pick up the documents at his office the next day. Mr. Jordan later signed the notes, mortgages, and settlement statements and signed his wife's name without her authorization or knowledge.[2] The next day, Ms. Siley picked up the loan documents from Mr. Jordan at his office and delivered them to Owen Gibson at Producers Mortgage's offices in Kansas City, Missouri. Mr. Gibson then "fraudulently attested" that he witnessed Kory A. Welch (then Jordan) sign the documents on June 25, 2001, in Johnson County, Kansas.

Sometime after the loan closed, Mr. and Mrs. Jordan separated and ultimately divorced. In the divorce, Ms. Welch was granted exclusive ownership and title to their residence. In early May of 2002, when Ms. Welch was first billed separately for her homeowner's insurance, she recognized that there were certain discrepancies in the payment amount on the loans. Her loan payment was $97.00 higher than what she thought she had agreed to pay pursuant to the Good Faith Estimates that she had signed, which she alleges she thought were the final loan documents. When she contacted Producers Mortgage, she learned that the loan was for a 20 year period rather than the 15 year period stated in the Good Faith Estimate of Settlement Costs that she had signed. She then obtained copies of the loan documents and realized that the documents she signed were not the actual loan documents, that the actual loan documents did not comport with the Good Faith Estimates that she signed, and that her signature was forged on the loan documents. At that point, she contacted her former husband and learned that he had signed her name on the loan documents while she was out of town. She then filed this lawsuit in state court in the District of Johnson County, Kansas. Defendants removed the case to this court and defendant Gibson filed a motion to dismiss for failure to state a claim.

## II. 12(b)(6) MOTION TO DISMISS STANDARD

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff

---

**2.** The petition alleges that Mr. Jordan signed his wife's signature on the loan documents believing that it was not any problem since they were a married couple and intended to take out the loan and refinance their existing mortgage. It also alleges that Mr. Jordan failed to verify that the loan documents he signed were in conformity with the disclosure documents he and his wife had previously signed.

can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Poole v. County of Otero,* 271 F.3d 955, 957 (10th Cir.2001) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir.2001). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

## III. DISCUSSION

Defendant Gibson seeks to dismiss the following claims: (1) the fraud claim, (2) the claim under the Real Estate Settlement Procedures Act, (3) the declaratory judgment claim, and (4) the claim to quiet title. The court will addresses the parties' arguments regarding each of these claims in turn.

### A. Fraud

■ Plaintiff's fraud claim alleges that defendant Gibson falsely attested to plaintiff's signature on loan documents that plaintiff never in fact signed. As a result of this conduct, plaintiff alleges that she received a loan with payments $97.00 higher than she anticipated. Defendant Gibson moves to dismiss this claim arguing that plaintiff could not have relied on any

representation made by him. In response, plaintiff contends that her claim is a fraud by silence claim. In reply, defendant Gibson points out that a fraud by silence claim requires a duty to speak and that he had no such duty. The court agrees with defendant Gibson that plaintiff's petition fails to state a claim.

■ Under Kansas law, to prove a cause of action for fraud by silence, plaintiff must set forth by clear and convincing evidence:

(1) that defendant had knowledge of material facts which plaintiff did not have and which plaintiff could not have discovered by the exercise of reasonable diligence; (2) that defendant was under an obligation to communicate the material facts to the plaintiff; (3) that defendant intentionally failed to communicate to plaintiff the material facts; (4) that plaintiff justifiably relied on defendant to communicate the material facts to plaintiff; and (5) that plaintiff sustained damages as a result of defendant's failure to communicate the material facts to the plaintiff.

*Miller v. Sloan, Listrom, Eisenbarth, Sloan and Glassman,* 267 Kan. 245, 978 P.2d 922 (1999) (citations omitted).

In *Wolf v. Brungardt,* 215 Kan. 272, 524 P.2d 726 (1974), the Kansas Supreme Court described the claim:

Where one party to a contract or transaction has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud, especially when the other

party relies upon him to communicate to him the true state of facts to enable him to judge of the expedience of the bargain. Key to this cause of action, we think, is the unequal relationship in which the claimant seeks particular information from a specialist upon which the recipient intends to rely or act. Under Kansas law, that interaction in those circumstances may create a fiduciary relationship. Moreover, although Kansas law does not specifically define the nature of that unequal relationship, we are satisfied its concept of a "fiduciary relationship" embraces it.

*Id.*

 A necessary element of fraud by silence is that the defendant was under an obligation to communicate material facts to the plaintiff. *DuShane v. Union Nat'l Bank*, 223 Kan. 755, 760, 576 P.2d 674, 678–79 (1978); *OMI Holdings, Inc. v. Howell*, 260 Kan. 305, 345, 918 P.2d 1274, 1299 (1996). Whether a duty to disclose exists is determined by the facts and circumstances of each individual case. *Ensminger*, 102 F.3d at 1574. "The question of what gives rise to a legal or equitable obligation to communicate is not always an easy question to resolve, but generally the duty must arise from a relationship existing between the parties when the suppression or concealment is alleged to have occurred." *DuShane*, 223 Kan. at 760, 576 P.2d 674. "It may arise between two contracting parties when there is a disparity of bargaining powers or of expertise...." *Id.* It may also arise if the parties to a bargain are in a fiduciary relationship to one another. *Id.*

In this action, the court concludes as a matter of law that defendant Gibson was not under an obligation to communicate material facts to plaintiff. Plaintiff's peti-

tion alleges that defendant Gibson's role in the transaction between Producers Mortgage and plaintiff (and her former husband) was his false attestation of her signature. This false attestation is alleged to have occurred at Producers Mortgage's offices. There is no allegation in the petition that defendant Gibson ever met with plaintiff or her former husband or even talked to either one of them. Thus, plaintiff could not have relied on defendant Gibson to disclose material facts to her. As such, her petition fails to state a claim against defendant Gibson for fraud by silence.

 To the extent that plaintiff intended to plead and rely on a fraud claim as well, the petition similarly fails to state such a claim. "Actionable fraud includes an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or recklessly made with disregard for the truth, where another party justifiably relies on the statement and acts to his [or her] injury." *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 603, 876 P.2d 609 (1994). In this action, plaintiff did not rely on defendant Gibson's act of fraudulently notarizing her signature. In fact, plaintiff did not even learn of the fraudulent notarization until around May of 2002. The only representation made to plaintiff by Producers Mortgage was in the documents (the Good Faith Estimate of Settlement Costs) she was given during the initial discussions with the two employees from Producers Mortgage. Defendant Gibson, therefore, did not make any representations on which plaintiff could have relied. Thus, the petition fails to state a claim against defendant Gibson for fraud and his motion to dismiss this claim is therefore granted.

### B. Real Estate Settlement Procedures Act

Plaintiff's next claim is that defendant Gibson violated the Real Estate Settle-

ment Procedures Act of 1974 (RESPA), 12 U.S.C. §§ 2601, *et seq.* Specifically, plaintiff alleges that defendant Gibson failed to provide the disclosures required by § 2605(a) and charged settlement fees and expenses for services that were never performed in violation of § 2607(b). Section 2605(a) provides: "Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of the application for the loan, whether servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." 12 U.S.C. § 2605(a). Section 2607(b) prohibits "fee splitting" in connection with mortgage loans. It provides: "No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." *Id.*

Defendant Gibson moves to dismiss this claim, pointing out that § 2605(a) disclosures were made in a document entitled "RESPA Servicing Disclosures" and that plaintiff has not alleged any facts that would establish a violation of § 2607(b). In response, plaintiff clarifies her position and apparently limits her claim to a violation of § 2607(b). She contends that the services for which she paid but which were not performed are the notary fee and fees earned by Producers Mortgage and Mr. Gibson. Alternatively, if the petition does not state a claim, she asks the court to permit her to amend it. In reply, defendant Gibson points out that a notary fee was not charged. Also, the petition states that the loans were made and that plaintiff received money pursuant to the loans. Thus, defendant Gibson contends, the fees were earned. The court agrees with defendant Gibson that plaintiff's petition fails to state a claim for a violation of RESPA.

Plaintiff narrowed her claim against defendant Gibson to an alleged violation of § 2607(b). That section "is an anti-kickback provision that unambiguously requires at least two parties to share a settlement fee in order to violate the statute." *Haug v. Bank of America, N.A.,* 317 F.3d 832 (8th Cir.2003) Congress intended the section "to prohibit all kickback and referral fee arrangements whereby any payment is made or 'thing of value' is furnished for the referral of real estate settlement business ... [and to prohibit] a person that renders a settlement service from giving or rebating any portion of the charge to any other person except in return for services actually performed." *Id.* (quoting *Mercado v. Calumet Fed. Savings & Loan Ass'n,* 763 F.2d 269, 270–71 (7th Cir.1985) (quoting S.Rep. No. 93–866, 93rd Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 6551). This reading of the section is consistent with the decisions of the Fourth, Seventh, and Eighth Circuits, which have held that the plain language of § 2607(b) requires the plaintiff to plead facts showing that the defendant illegally shared fees with a third party. *Id.; Boulware v. Crossland Mortgage Corp.,* 291 F.3d 261, 265 (4th Cir.2002) (holding § 2607(b) "only prohibits overcharges when a 'portion' or 'percentage' of the overcharge is kicked back to or 'split' with a third party"); *Echevarria v. Chicago Title & Trust Co.,* 256 F.3d 623, 626 (7th Cir.2001) (affirming dismissal under Rule 12(b)(6) where the plaintiffs failed to plead facts tending to show the third party involvement necessary for a § 2607(b) claim); *Durr v. Intercounty Title Co.,* 14 F.3d 1183, 1187 (7th Cir.1994) (affirming

district court's dismissal of RESPA claim where plaintiff failed to allege defendant's overcharge was a "portion, split or percentage of any charge" given to a third party)). This court agrees with those circuits and believes the Tenth Circuit would follow them. Therefore, the court holds that § 2607(b) prohibits only transactions in which the defendant shares a "portion, split, or percentage of any charge" with a third party. Plaintiff's petition therefore fails to state a claim.

It is far from clear that plaintiff's petition contains facts to support its position that defendants charged fees for services that were not performed. But even assuming the petition is construed to allege as such, the petition does not allege that defendant Gibson shared a portion or percentage of any of the charges or fees with a third party. Thus, the petition fails to state a claim under § 2607(b). Permitting plaintiff to amend the petition is not warranted. The facts pled regarding Mr. Gibson are limited to allegations that he falsely attested to plaintiff's signature. As such, this statute does not apply to his actions and the motion to dismiss this claim against defendant Gibson is granted.

### C. Declaratory Judgment

▮ Plaintiff's next claim against defendant Gibson is for a declaratory judgment that the loans are null and void by virtue of the fact that plaintiff's signatures are forged on the loan documents. Defendant Gibson moves to dismiss because the documents attached to the petition establish that he is not a party to the loan documents. Plaintiff's response argues that defendant Gibson may have an interest in the outcome of the determination, especially if he is personally held liable for the amounts owed under the loans as a result of his fraudulent conduct in this case. Defendant Gibson's reply points out that there is no allegation that he claims an interest in the loan. The court agrees and grants defendant Gibson's motion to dismiss this claim.

In short, defendant Gibson is not a party to the loan documents. Moreover, plaintiff does not allege and defendant Gibson does not contend that he has an interest in the loan documents or the real estate at issue in this case. Thus, he has no interest in the declaratory judgment action. As such, the court grants defendant Gibson's motion to dismiss this claim against him.

### D. Quiet Title

▮ Plaintiff's final claim is to quiet title on her residence. Defendant Gibson moves to dismiss this claim against him pointing out that he does not claim an interest in the residence. Plaintiff responds that she has included Mr. Gibson as a defendant because she has a duty to put all potentially interested persons on notice of the action, even if no money judgment is sought. In reply, defendant Gibson contends that he is not a party to the loan documents and therefore not a potentially interested party. The court agrees and grants his motion to dismiss this claim.

As explained above, defendant Gibson is not a party to the loan documents. Thus, there is no need to include him in this claim to quiet title because he is not claiming and cannot claim an interest in the property. As such, defendant Gibson's motion to dismiss this claim against him is granted.

### E. Damages

▮ Lastly, defendant Gibson seeks to dismiss the petition in its entirety because

the petition allegedly does not describe or itemize plaintiff's actual damages and because the petition does not establish that there are any damages. The court cannot agree with either proposition. The state court petition does itemize plaintiff's damages per claim. Although the petition does not state a particular damage amount per claim, each of the claims contains a prayer for judgment of an amount in excess of $75,000. This is consistent with pleading practices in state court in Kansas and it is sufficient to put defendant Gibson on notice of plaintiff's claim for damages. At this stage in the litigation, then, plaintiff has met the federal pleading requirements for damages.

The court also believes that the state court petition contains allegations of facts which could demonstrate that plaintiff sustained damages by being committed to a different loan agreement than the one she thought she was going to enter into. While further proceedings may reveal that plaintiff has not sustained any damages, that must await a later stage in the proceedings. Discovery will permit plaintiff to obtain a better idea of her precise damages claims and the final pretrial order will be able to include a more particular description of the damages. A summary judgment motion, then, would be a far more appropriate vehicle to test the viability of her claims for trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Gibson's motion to dismiss for failure to state a claim (Doc. 9) is granted in part and denied in part. The motion is granted as to the fraud claim, Federal Real Estate Pro-

cedures Settlement Act claim, declaratory judgment claim, and quiet title claim but denied as to the remaining claims against defendant Gibson.