Kory A. WELCH, Plaintiff,

v.

**CENTEX HOME EQUITY CO.,
L.L.C., et al., Defendants.**

No. 03–2132 JWL.

United States District Court,
D. Kansas.

Sept. 15, 2004.

James E. Kiley, Jr., The Kiley Law Firm, LLC, Overland Park, KS, for Plaintiff.

Eldon J. Shields, Gates, Biles, Shields & Ryan, P.A., Overland Park, KS, Todd W. Ruskamp, Jeanne M. Janchar, Shook, Hardy & Bacon L.L.P., William M. Modrcin, Jere D. Sellers, Stinson Morrison Hecker LLP, Kansas City, MO, Leo L. Logan, Coates & Logan, LLC, Overland Park, KS, William F. Logan, Foland Wickens Eisfelder Roper & Hofer PC, Jeffrey R. Siegel, Shaffer, Lombardo & Shurin, Kansas City, MO, Charles E. Branson, Lawrence, KS, Michael D. Hufft, Hufft & Maginn, LLC, Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case arises from plaintiff Kory A. Welch's ex-husband's alleged forgery of a note and mortgage on her home. On June 30, 2004, this court entered a memorandum and order dismissing plaintiff's federal claims and remanding her pendent state law claims to state court. *See generally Welch v. Centex Home Equity Co.*, 323 F.Supp.2d 1087 (D.Kan.2004). This matter comes before the court on plaintiff's motion for reconsideration (doc. 244). By way of this motion, plaintiff asks the court to reconsider various aspects of two of the court's orders in this case. The court will deny this motion because it is untimely with respect to the court's order denying her leave to amend her complaint, and she has failed to establish that she is entitled to relief from the court's orders dismissing her RICO and RESPA claims on the grounds of newly discovered evidence, defendant's alleged fraud or misconduct, or extraordinary circumstances that would constitute manifest injustice.

### I. *Background*

Plaintiff's allegations and the procedural history of this case are described in detail in this court's prior orders. *See generally Welch v. Centex Home Equity Co.*, 323 F.Supp.2d 1087 (D.Kan.2004); *Welch v. Centex Home Equity Co.*, 262 F.Supp.2d 1263 (D.Kan.2003). In relevant part, on May 16, 2003, the court entered an order dismissing plaintiff's claims against defendant Owen Gibson for common law fraud and violations of the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. §§ 2603 *et seq. See generally Welch*, 262 F.Supp.2d at 1263. More than a year later on June 30, 2004, the court entered another order dismissing her remaining federal law claims against some of the other defendants under RESPA and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*; denying her motion for leave to amend her complaint; stating that the

court would decline to exercise supplemental jurisdiction over her remaining state law claims; and remanding this case to state court. *See generally Welch*, 323 F.Supp.2d at 1087. Plaintiff now asks the court to reconsider its May 16, 2003, order dismissing the RESPA claim against defendant Gibson [1] and the aspects of its June 30, 2004, order dismissing her remaining RICO and RESPA claims and denying her motion for leave to amend her complaint. The arguments that plaintiff advances are essentially twofold.

First, plaintiff argues that relief is warranted on the basis of newly discovered evidence. Specifically, she points out that the deposition of Eli Contreras on May 6, 2004, revealed that Mr. Contreras routinely performed loan closings where a notary public was not present to witness the signatures. Further, Mr. Gibson had admitted previously during his deposition that he had notarized signatures appearing on loan documents a number of times when he had not actually witnessed the signatures. Also, during the deposition of defendant Melissa Yarnell on June 22, 2004, defense counsel inquired about two invoices by Equity 2000 & Associates that had been produced during discovery. Ms. Yarnell explained that these invoices were for performing witness closing and notarization services. Ms. Yarnell further testified that Equity 2000 & Associates is an entity with ties to Mr. Gibson and defendants Kerstin Wiley and Producers Mortgage Corporation, and that Nations Title may have paid these invoices out of the settlement or closing fee that plaintiff and her ex-husband paid to Nations Title for closing and settlement services.

Second, plaintiff argues that defendants have engaged in fraud and misconduct by failing to disclose this information. She argues that defendants' failure to disclose the evidence pertaining to Equity 2000 & Associates constituted a violation of their Rule 26(a)(1) initial disclosure obligations and that defendants should have produced documents in response to her discovery requests. Ac-

---

1. Plaintiff also states that the court should reconsider its order dismissing plaintiff's fraud claim against defendant Gibson. Because the court declines to reconsider its orders dismissing plain-

tiff's federal claims, the court continues to decline to exercise supplemental jurisdiction over any such state claims.

cording to plaintiff, because defendants failed to disclose this information, the court was led to erroneously believe that defendants had not shared a portion, split, or percentage of any settlement charge. Further, in the court's May 16, 2003, order, the court relied on the fact that defendant Gibson had pointed out in his reply brief that "a notary fee was not charged." Plaintiff points out that counsel failed to correct this erroneous statement and conspired to perpetuate this fraud on the court.

## II. *Jurisdiction*

 As a threshold matter, defendants argue that this court lacks jurisdiction to consider plaintiff's motion because this case has been remanded to state court. The court disagrees. The statutory bar to review of remand orders is 28 U.S.C. § 1447(d), which provides generally that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." This jurisdictional limitation, however, only applies when the district court remands based on the grounds stated in § 1447(c). *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *In re Stone Container Corp.*, 360 F.3d 1216, 1218 (10th Cir. 2004); *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir.2001). In this case, the court did not remand based on § 1447(c), but rather on the basis that it was declining to exercise its supplemental jurisdiction over plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367(c)(3). Review of a district court's discretionary decision to remand under § 1367(c)(3) is not treated as a § 1447(c) remand, and therefore it is not subject to § 1447(d)'s statutory bar to review. *Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 152–53 (10th Cir.1995). As a logical corollary, then, § 1447(d) likewise does not deprive this court of jurisdiction to reconsider its prior orders in this case. *See Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 158 (3d Cir.1998) (holding the district court retained jurisdiction to reconsider its order granting the defendant's motion to dismiss notwithstanding the fact that the district court had remanded the remaining pendent state claims to state court pursuant to 28 U.S.C. § 1367(c)). Accordingly, this court has jurisdiction to consider plaintiff's motion for reconsideration.

## III. *Reconsideration of Order Denying Leave to Amend*

 Insofar as plaintiff asks the court to reconsider the aspect of its June 30, 2004, order in which the court denied plaintiff's motion for leave to amend her complaint, the court must construe the motion as one to reconsider a non-dispositive order. As such, the motion is governed by D. Kan. Rule 7.3(b). Under 7.3(b), a motion seeking reconsideration of a non-dispositive order must be filed within ten days of the court's order. In this case, plaintiff's motion was filed on July 30, 2004, which was thirty days after the court's June 30, 2004, order denying plaintiff's motion to amend. Accordingly, this aspect of plaintiff's motion is denied as untimely. *See, e.g., United States v. Anderson*, No. 03–3009–JWL & 98–20030–01–JWL, 2003 WL 22436270, at *2 (D.Kan. Oct. 22, 2003) (denying as untimely a motion to reconsider a nondispositive ruling that was filed after Rule 7.3(b)'s ten-day time limit had expired).

## IV. *Reconsideration of Orders Dismissing Federal Claims*

 The remainder of plaintiff's motion seeks reconsideration of the dispositive aspects of the court's May 16, 2003, and June 30, 2004, orders in which the court dismissed plaintiff's RESPA and RICO claims against the various defendants. A party must seek reconsideration of a dispositive order pursuant to Fed.R.Civ.P. 59(e) or 60. D. Kan. Rule 7.3(a). A motion for reconsideration of a dispositive order "filed within 10 days of the district court's entry of judgment ... is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir.2002). In this case, as explained previously, plaintiff filed her motion for reconsideration on July 30, 2004. This was more than a year after the court's

May 15, 2003, order dismissing the fraud and RESPA claims against defendant Owen and it was thirty days after the court's June 30, 2004, order dismissing plaintiff's remaining federal claims. Because plaintiff's motion is beyond the ten-day time period of Rule 59(e), then, her only plausible basis for relief is Rule 60(b). Specifically, plaintiff states that she seeks reconsideration pursuant to Rule 60(b)(6). In addition, in considering the nature of the arguments that plaintiff has advanced in support of her motion, the court will also evaluate plaintiff's motion under Rule 60(b)(2) (newly discovered evidence) and Rule 60(b)(3) (fraud on the court or other misconduct of an adverse party).

### A. Newly Discovered Evidence

■ A party may seek relief from a judgment under Rule 60(b)(2) based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). In this case, the time for moving for a new trial was "10 days after entry of the judgment," Fed.R.Civ.P. 59(b), which would have been July 14, 2004. It is apparent from the record that plaintiff possessed the allegedly newly discovered evidence well before this date. Specifically, plaintiff points to evidence that was revealed during Mr. Contreras's deposition on May 6, 2004, during Mr. Gibson's deposition which was taken some time before Mr. Contreras's deposition, and during Ms. Yarnell's deposition on June 22, 2004, as well as to the two Equity 2000 & Associates invoices that were produced during discovery. Because plaintiff possessed all of this evidence before the court issued its June 30, 2004, order, this evidence was discovered in time to file a motion under Rule 59(b) and therefore relief is precluded under the plain language of Rule 60(b)(2). As an alternative remedy, plaintiff could have filed a motion to alter or amend the judgment pursuant to Rule 59(e) within the same ten-day window for filing a motion under Rule 59(b). Having failed to do so, Rule 60(b)(2) does not now afford plaintiff any relief. *See, e.g., U.S. Steel v. M. DeMatteo Constr. Co.*, 315 F.3d 43, 51–52 (1st Cir. 2002) (affirming the district court's denial of a Rule 60(b)(2) motion where the moving party possessed certain evidence before the summary judgment hearing but did not examine it until after the hearing and hence did not present the evidence to the court).

### B. Fraud or Misconduct

Rule 60(b)(3) affords relief from a final judgment or order based on "fraud ..., misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). The nature of plaintiff's arguments essentially raises two theories of relief under Rule 60(b)(3)—i.e., fraud on the court and misconduct of an adverse party. Plaintiff has failed to establish that she is entitled to relief under either of these theories.

■ "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir.1996).

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Id.* at 552–53 (quotation omitted; emphasis omitted). These parameters are construed tightly because a finding of fraud on the court permits the severe consequence of allowing a party to overturn the finality of a judgment. *Id.* at 553. Further, "[i]ntent to defraud is an absolute prerequisite to a finding of fraud on the court." *Id.; see also Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir.1995) (discussing the required intent element).

■ In this case, plaintiff has failed to provide clear and convincing evidence that defendants engaged in the type of egregious conduct that is sufficient to rise to the level of being considered fraud on the court. Defendant's representations to the court consist, at most, of counsel for defendant Gibson

leading the court to believe that no notary fees were paid in violation of RESPA's fee splitting provision in connection with the loan closings at issue in this lawsuit. Plaintiff has produced evidence consisting of two invoices from Equity 2000 & Associates for witness closing and notarization services. In addition, Ms. Yarnell testified in her deposition that Nations Title's accounting department would have paid these invoices. Defendants, however, point out that there is no evidence that Nations Title ever paid these invoices. Further, Nations Title has represented to the court that it possesses no evidence that it paid these invoices. Thus, it appears that Nations Title received invoices for these services from Equity 2000 & Associates, but the only evidence that Nations Title actually paid these invoices is Ms. Yarnell's speculative testimony that Nations Title's accounting department might have paid them. This certainly does not rise to the level of providing clear and convincing evidence that defense counsel's arguments were false. Further, it is not the type of egregious conduct contemplated under a Rule 60(b)(3) fraud-on-the-court theory such as bribery or fabrication of evidence. The evidence clearly and convincingly establishes only that Equity 2000 & Associates billed Nations Title for the witness and closing fee and this constitutes, at most, mere nondisclosure to the court of facts allegedly pertinent to the matter before it, which is insufficient to warrant relief under Rule 60(b)(3). Further, the court is entirely unpersuaded that defendants acted with the intent to defraud the court. *See, e.g., Robinson,* 56 F.3d at 1267–68 (affirming the district court's finding that the defendant's attorney did not act with the intent to deceive).

■ Insofar as plaintiff argues that defendants engaged in misconduct, she must also support that claim with clear and convincing evidence. *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999); *Cummings v. Gen. Motors Corp.,* 365 F.3d 944, 955 (10th Cir.2004). A plaintiff must show that the defendant acted with intent to deceive or defraud the court via a deliberately planned and carefully executed scheme. *Yapp,* 186 F.3d at 1231. "Failure to disclose information requested during discovery may constitute 'misconduct' under Rule 60(b)(3)." *Cummings,* 365 F.3d at 955. Before relief is warranted under Rule 60(b)(3) on the basis of discovery misconduct, however, the plaintiff must show that "the challenged behavior . . . *substantially* . . . interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir.1999) (emphasis in original; quotation omitted).

■ As with plaintiff's fraud-on-the-court argument, plaintiff has likewise failed to establish with clear and convincing evidence that defendants engaged in any discovery misconduct that substantially interfered with plaintiff's ability to present her case. Nations Title produced the two Equity 2000 & Associates invoices in conjunction with its Rule 26(a)(1) initial disclosures on August 18, 2003.[2] Notably, this appears to have gone above and beyond defendants' initial disclosure obligations under Rule 26(a)(1), which only required defendants to disclose evidence that they intended to use "to support" their claims or defenses. Fed.R.Civ.P. 26(a)(1); *Cummings,* 365 F.3d at 956 (explaining that it is a party's own responsibility to seek discovery of other relevant evidence through depositions and interrogatories). Plaintiff also argues that defendants should have produced additional information in response to her request for production of documents numbers 3 and 9, which sought defendants' "complete files including all documents that refer or relate to the closing of the two loans evidenced by the Loan Documents" and "[a]ll documents that evidence, refer or relate to the disbursements of the proceeds of the two loans evidenced by the Loan Documents." It appears, however, that there was no additional evidence for defendants to produce on this matter inasmuch as Nations Title has represented to the court that it never paid these invoices. As Nations Title points out, it "cannot produce checks or other documenta-

---

**2.** Specifically, the two invoices are Bates-stamped numbers NT–0129 and NT–0240, and Nations Title has affirmatively represented to the court that it produced documents with Bates-stamped numbers NT–0001 through NT–0262 in its Rule 26(a)(1) initial disclosures.

tion when none exists." Thus, it appears that the only documents possessed by defendants relating to this issue were produced in discovery nearly a year ago on August 18, 2003. These invoices state that they are for a "notary fee for witness closing" and list plaintiff and her ex-husband as the customer. This evidence was sufficient to alert plaintiff of the possibility that further evidence might exist in this case pertaining to the Equity 2000 & Associates invoices. It certainly cannot be said that any failure to disclose this evidence on the part of defendants substantially interfered with plaintiff's ability to pursue this line of evidence because plaintiff's counsel apparently chose not to follow up on this evidence promptly thereafter. *See, e.g., Woodworker's Supply,* 170 F.3d at 993–94 (holding the district court did not err in denying the defendant's Rule 60(b)(3) motion where the defendant had an opportunity to cure any prejudice because the plaintiff's failure to disclose evidence did not interfere with the defendant's ability to proceed). The evidence reflects, at most, that defendants were simply playing hardball litigation by not painting a clear portrait of the evidence for plaintiff's counsel, and that is insufficient to warrant relief under Rule 60(b)(3). *See, e.g., Yapp,* 186 F.3d at 1231 (stating that the mere fact that the other party was playing hardball litigation was insufficient to warrant relief).

### C. *Any Other Reason Justifying Relief*

■ Rule 60(b)(6) permits the court to relieve a party from a final judgment or order for "any other reason justifying relief." Fed.R.Civ.P. 60(b)(6). The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 579 (10th Cir.1996) (quotation omitted). A district court may grant a Rule 60(b)(6) motion only in " 'extraordinary circumstances' and only when such action is necessary to accomplish justice." *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 729

(10th Cir.1993). Extraordinary circumstances may exist when, "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner,* 98 F.3d at 579.

■ In this case, plaintiff relies on the allegedly newly discovered evidence and defendants' alleged fraud or misconduct as grounds for relief under Rule 60(b)(6). The court may not grant relief under Rule 60(b)(6) for any of the specific grounds stated in 60(b)(1)-(5). *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *United States v. Buck,* 281 F.3d 1336, 1341 (10th Cir.2002)[3]; *In re Gledhill,* 76 F.3d 1070, 1080 (10th Cir.1996); *Lyons,* 994 F.2d at 727; *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2864, at 362 (2d ed.1995) (noting that relief under the various clauses is mutually exclusive and "relief cannot be had under clause (6) if it would have been available under the earlier clauses"). Hence, plaintiff may not rely on these considerations in seeking relief under Rule 60(b)(6).

■ The only other rationale that plaintiff advances is that it would be manifestly unjust for the court not to reinstate her RESPA and RICO claims. The court disagrees. The broad power granted to the court under Rule 60(b)(6) is not to be used " 'for the purpose of relieving a party from free, calculated, and deliberate choices he has made.' " *Cashner,* 98 F.3d at 580 (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra,* § 2864, at 357). Here, plaintiff had a ten-day window after the court entered its June 30, 2004, order during which she could have filed a Rule 59(e) motion asking the court to reconsider its dismissal of her RESPA and RICO claims on the basis of newly discovered evidence. Plaintiff also could have more promptly and zealously pursued discovery to attempt to ascertain the significance of the Equity 2000 & Associates invoices. Plaintiff failed to avail herself of these procedural avenues, and Rule 60(b)(6) simply does not afford a basis

---

**3.** Although the Tenth Circuit in *Buck* explained that Rule 60(b)(6) may afford relief based upon a fraud-on-the-court theory *after* the one-year period for filing a Rule 60(b)(3) motion has run, that theory adds little in a case such as this where

that one-year period for filing a Rule 60(b)(3) motion based upon a fraud-on-the-court theory has not yet run and where the plaintiff has failed to establish fraud on the court in any event.

to give plaintiff another belated bite at the apple. In short, this case does not involve the type of rare, unanticipated circumstances contemplated by Rule 60(b)(6) such that enforcement of the court's prior orders would be inequitable.

## V. *Conclusion*

In conclusion, the court wishes to acknowledge that it recognizes that the evidence plaintiff now relies upon may arguably be relevant to claims that the court previously dismissed in this case. Nevertheless, with that being said, the court is unable to afford plaintiff relief on the grounds of newly discovered evidence because plaintiff failed to timely file a Rule 59(e) motion to alter or amend the judgment and therefore relief is unavailable under Rule 60(b)(2). In addition, while further discovery pertaining to the Equity 2000 & Associates invoices may have been warranted once upon a time, any arguable need for discovery on that issue does not provide an adequate basis for the court to afford relief under Rule 60(b)(3), which requires plaintiff to provide clear and convincing evidence of defendants' fraud or misconduct. Further, this case does not present the type of extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6).

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion to reconsider (doc. 244) is denied.

